IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ERIN DIANE MCLEAN,

       Plaintiff,

v.

HOMEBANC MORTGAGE CORPORATION,
EMC MORTGAGE CORPORATION,
CITIBANK, N.A., *as trustee for
Bear Stearns ARM Trust 2006-04*,
JPMORGAN CHASE BANK, N.A., and
JOHN DOES 1-5,

       Defendants.

CIVIL CASE NO.

1:13-cv-01051-JEC

## ORDER & OPINION

This case is before the Court on defendants' Motion to Dismiss Plaintiff's Complaint [2] and plaintiff's Opposition to Defendants' Motion to Dismiss, Or, In the Alternative, Motion to Permit Amendment to Complaint ("Motion to Amend") [7]. The Court has reviewed the record and the arguments of the parties and, for the reasons that follow, concludes that defendants' Motion to Dismiss [2] should be **GRANTED** and plaintiff's Motion to Amend [11] should be **DENIED**.

## BACKGROUND

This case arises from an allegedly wrongful foreclosure. On March 24, 2006, plaintiff purchased real property located at 4067 and 4069 Coopers Hill Drive, Smyrna, Georgia 30080. (Notice of Removal

[1] at Ex. A, part 2 (hereinafter "Compl."), ¶¶ 9-10.) To finance her purchase, plaintiff obtained a loan from HomeBanc Mortgage Corporation ("HomeBanc"). In conjunction, plaintiff executed a note in the principal sum of $264,000 in favor of HomeBanc, which was secured by a security deed. (*Id.* at ¶¶ 11-12, Ex. A, part 3, at 3-21.) Under the security deed, plaintiff pledged as collateral the Coopers Hill Drive property. (Notice of Removal [1] at Ex. A, part 3, at 10.)

On August 9, 2007, HomeBanc filed for Chapter 11 bankruptcy protection in the bankruptcy court for the District of Delaware. (Mot. to Dismiss [2] at 2.) It moved for approval of a proposed Servicing Rights Purchase Agreement whereby EMC Mortgage Corporation ("EMC") would become the servicer of HomeBanc's loans, which the bankruptcy court granted on November 2, 2007. (*Id.* at 2-3); *In re HomeBanc Mortg. Corp., et al.*, Bankr. Case No. 07-11079 (KJC), Order at Dkt. No. [491] (Bankr. D. Del. Nov. 2, 2007). Once in possession, EMC sold plaintiff's note to a trust that tranched and securitized the loan. (Notice of Removal [1] at Compl., ¶ 14.) Then, on December 6, 2007, HomeBanc assigned the security deed executed by plaintiff to Mortgage Electronic Registration Systems, Inc. ("MERS"). (Notice of Removal [1] at Compl. ¶ 16, Ex. A, part 6, at 30.)

At some point, plaintiff defaulted on her loan and defendants initiated non-judicial foreclosure proceedings. (*See* Mot. to Dismiss

2

[2] at 3.) To forestall these proceedings, plaintiff filed a complaint against defendants on January 15, 2013 in the Superior Court of Cobb County, which defendants removed to this Court on April 1, 2013. (Notice of Removal [1] at Compl.) Thereafter, on April 8, 2013, defendants filed a Motion to Dismiss plaintiff's complaint [2]. Plaintiff filed her response and alternative Motion to Amend on April 22, 2013 [7].

I. **DEFENDANTS' MOTION TO DISMISS**

    A. **Subject Matter Jurisdiction**

Defendants removed plaintiff's action to this Court, pursuant to 28 U.S.C. 1446, asserting that diversity jurisdiction existed pursuant to 28 U.S.C. §§ 1332. In so doing, defendants acknowledged that, while defendants EMC Mortgage, Citibank, and JPMorgan Chase Bank are not citizens of Georgia, defendant HomeBanc is. Because plaintiff is also a citizen of Georgia, the joinder of defendant Homebanc suggests that there is not a complete diversity of citizenship among the parties, which, if true, would deprive this Court of subject matter jurisdiction. Defendants argued, however, that plaintiff fraudulently joined defendant Homebanc for the purpose of destroying federal jurisdiction and that, given this fraudulent joinder, the Court must ignore Homebanc's citizenship for purposes of determining whether complete diversity exists. (Notice of Removal [1] at ¶¶ 6-17.)

3

Plaintiff has offered no disagreement with either plaintiff's factual assertions or legal contentions. As to defendants' factual assertions, this Court accepts their accuracy, given the absence of any opposition by plaintiff. *See Legg v. Wyeth*, 428 F.3d 1317, 1322-25 (11th Cir. 2005)(where plaintiff did not contest defense affidavits supporting defendant's contention that plaintiffs joinder was fraudulent, the district court should have considered the facts contained within those affidavits to have been proved). Yet, as subject matter jurisdiction is not a waivable matter, the Court independently assesses defendants' argument that, on these undisputed facts, joinder of defendant Homebanc was fraudulent.

Joinder may be deemed to be fraudulent when there is no possibility that the plaintiff can prove a cause of action against the non-diverse defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Here, defendants have justified their removal of this action by noting that, at the time plaintiff filed this action--and indeed for some time prior to that filing--defendant Homebanc had been in bankruptcy proceedings for which an automatic stay against any actions or claims against it was in effect. Indeed, defendants noted, the bankruptcy proceeding is ongoing and the stay remains in effect. (Notice of Removal [1] at ¶¶ 13-16.)

As a legal matter, defendants correctly cite *United States v.*

4

*White*, 466 F.3d 1241, 1244 (11th Cir. 2006)(for the proposition that actions taken against a debtor for whom an automatic stay has been issued are "void and without effect.")(citation omitted). Defendants also note that a district court within this circuit has examined the effect of a lawsuit against a non-diverse party under a bankruptcy stay with regard to the question of fraudulent joinder. That court determined that where complete diversity would exist but for the plaintiff's claim against a non-diverse party for whom a bankruptcy stay is in effect, that stay operates to nullify the suit against the non-diverse party, rendering his joinder fraudulent. *S. Dallas Water Auth. v. Guarantee Co. of N. Am., USA*, 767 F. Supp. 2d 1284, 1297-98 (S.D. Ala. 2011)(Cassady, Mag. J.). *Accord*, *Toskich v. J.H. Inv. Serv., Inc.*, 806 F. Supp. 2d 1224, 1227-28 (M.D. Fla. 2011) (Moody, J.)(where bankruptcy proceeding and automatic stay were in effect against civil defendant when plaintiff filed claim, the joinder of that defendant was without effect and could not destroy complete diversity between remaining defendants). *See also Brown v. JEVIC*, 575 F.3d 322, 327 (3rd Cir. 2009)(joinder of a non-diverse defendant who had filed for bankruptcy protection and for whom an automatic stay was in effect was fraudulent and could not defeat otherwise valid assertion of diversity of citizenship).

Accordingly, the Court concludes that defendant HomeBanc was fraudulently joined. Striking that defendant from the case, there is

5

diversity jurisdiction and thereby subject matter jurisdiction.

### B.  Standard For A Motion To Dismiss

In deciding a motion to dismiss under Federal Rule 12(b)(6), the Court assumes that all of the allegations in the complaint are true and construes all of the facts in favor of the plaintiff. *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). That said, in order to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim [for] relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is "facial[ly] plausib[le]" when it is supported with facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Courts will "eliminate any allegations in the complaint that are merely legal conclusions." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

### C.  Plaintiff Has Not Alleged A Plausible A Claim For Relief

Plaintiff argues that dismissal of her action is inappropriate because she has alleged a prima facie quiet title claim under O.C.G.A. §§ 23-3-60, *et seq*. (Mot. to Amend [7] at 7-14.) In support of her claim, plaintiff repeats familiar contentions that

6

have been repeatedly rejected: that defendants cannot pursue foreclosure proceedings because one entity does not possess both the note and the security deed executed by plaintiff, (Notice of Removal [1] at Compl., ¶¶ 16, 31, 34); that, because plaintiff's note has been securitized and because MERS is only a servicer, no party possesses a beneficial interest in plaintiff's loan and therefore cannot foreclose upon it, (*Id.* at ¶¶ 14-15, 24-26; Mot. to Amend [7] at 3-4, 6, 10-13); that the assignment of the security deed by MERS to EMC was invalid, (Notice of Removal [1] at Compl., ¶¶ 13, 16-18, 42; Mot. to Amend [7] at 4, 13-14); and that JPMorgan Chase Bank, N.A. and Citibank, N.A. have a history of engaging in unlawful foreclosure procedures for which they are subject to consent decrees with various federal agencies, (Notice of Removal [1] at Compl., ¶¶ 19-22; Mot. to Amend [7] at 4-5).  For the following reasons, these allegations do not support a plausible claim for relief under Georgia law.

First, at their core, the bulk of plaintiff's claims are equitable. Plaintiff's three-count complaint seeks (1) an injunction preventing defendants from conducting foreclosure proceedings, (2) a declaratory judgment regarding the status of defendants and their ability to pursue foreclosure proceedings with respect to the Coopers Hill Drive property, and (3) to quiet title to the Coopers Hill Drive property in plaintiff's name.  In the foreclosure context, when a

7

party seeks injunctive relief or to quiet title, she must have come to the Court with clean hands, i.e., she must have paid or tendered the amount due on her loan or otherwise cured her default. *See Taylor, Bean & Whitaker Mortg. Corp. v. Brown*, 276 Ga. 848, 849-51 (2003). Here plaintiff has failed to allege that she complied with the tender requirement. Consequently, she cannot seek equitable relief regarding her loan.[1]

Second, the Supreme Court of Georgia has definitively held that an entity in possession of a security deed need not also possess the note or "otherwise have any beneficial interest in the debt obligation underlying the deed" to be able to pursue foreclosure proceedings. *You v. JP Morgan Chase Bank, N.A.*, 293 Ga. 67, 74 (2013). Plaintiff's complaint is largely based upon the theory that defendants cannot pursue foreclosure proceedings because they do not possess a beneficial interest in her loan and because the note and deed executed by plaintiff have been split. Under *You*, these contentions represent incorrect statements of Georgia law and cannot support plaintiff's claims for relief.

Similarly, with respect to plaintiff's allegations challenging the assignment of her security deed, courts in Georgia have

---

[1] Plaintiff's quiet title count also fails because she did not file a plat of survey of her property. O.C.G.A. § 23-3-62; *GHG, Inc. v. Bryan*, 275 Ga. 336, 336 (2002).

8

"repeatedly rejected the argument that a homeowner has standing to challenge the assignment of a security deed which grants the assignor a power of sale." *Moore v. McCalla Raymer, LLC*, 916 F. Supp. 2d 1332, 1343-44 (N.D. Ga. 2013)(quoting *Peterson v. Merscorp Holdings, Inc.*, Civil Action No. 1:12-cv-00014-JEC, 2012 WL 3961211, *10 (N.D. Ga. Sept. 10, 2012)(Carnes, C.J.) and collecting cases). The result is no different here. The assignment of plaintiff's security deed by MERS to EMC does not indicate that plaintiff is an intended beneficiary under that contract, nor does plaintiff make such an allegation.[2] Consequently, plaintiff lacks standing to contest the validity of the assignment.

Further, plaintiff's argument that robo-signing rendered HomeBanc's assignment of her loan invalid fails because such a theory is not cognizable in Georgia. *See Wilson v. JP Morgan Chase Bank, N.A.*, No. 2:11-cv-00135-RWS, 2012 WL 603595, *4-5 (N.D. Ga. Feb. 24, 2012)(Story, J.)(citing *Reynolds v. JPMorgan Chase Bank, N.A.*, Civil Action No. 5:11-cv-311 (MTT), 2011 WL 5835925, *3 (M.D. Ga. Nov. 21, 2011)(Treadwell, J.)). And with respect to her allegation that HomeBanc withdrew from conducting business in Georgia, and therefore could not legally assign her loan, plaintiff's own complaint states that HomeBanc made the assignment ten days *before* filing to withdraw.

---

[2] Despite plaintiff's numerous allegations involving MERS, she did not name that entity as a defendant in her action.

9

(Notice of Removal [1] at Compl., ¶ 17.) Moreover, the Court fails to see what is wrongful about HomeBanc seeking to "assign its interest to another party that could legally exercise authority over [plaintiff's] loan." (*Id.*)

Next, plaintiff's discussion of prior unlawful foreclosure practices committed by Chase and Citibank, and the consent orders to which those entities are subject, fails to give any indication whether Chase and Citibank undertook such actions here. Indeed, plaintiff's complaint completely lacks allegations of specific wrongful actions that Chase or Citibank took with respect to her loan, thus falling short of the federal pleading standard. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570 (a claim is plausible when it is supported with facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")).

Because plaintiff's allegations do not support a plausible claim for recovery under Georgia law, no actual, active controversy exists and the ability of this Court to award plaintiff a declaratory judgment is foreclosed. *See Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1347 (11th Cir. 1999).

Therefore, for the above reasons, plaintiff has failed to allege facts supporting a plausible claim for relief under Georgia law. Accordingly, the Court **GRANTS** defendants' Motion to Dismiss [2].

10

II. **PLAINTIFF'S MOTION TO AMEND**

Perhaps recognizing the weakness of her claims and anticipating an order of dismissal, plaintiff has also filed a motion requesting leave to amend her complaint, should this Court grant the motion to dismiss. She indicates that an amendment would permit her to clarify her allegations.[3]  (Resp. [7] at 18.)

A party moving for leave to amend must submit a copy of the proposed amendment or otherwise set forth its substance in the motion. FED. R. CIV. P. 7(b)(1)(B); *Long v. Satz*, 181 F.3d 1275, 1279-80 (11th Cir. 1999). Here plaintiff has done neither, nor has she, in the eleven months since she filed her preemptive motion to amend, hinted at what an amended complaint might look like or why it might improve her chances of stating a valid claim. Moreover, as plaintiff has presumably continued to occupy her residence rent-free while this litigation proceeds, further delaying the inevitable dismissal of her case would substantially prejudice the defendants in their ability to recoup property that secured a note on which plaintiff long ago defaulted. Accordingly, the Court **DENIES** plaintiff's Motion to Amend [7].

---

[3] In her response, plaintiff also requests that the Court reconsider its decision, should it grant defendants' Motion to Dismiss. (Resp. [7] at 18.) Obviously, a Court cannot, in the same order in which it announces a decision, simultaneously reconsider that decision.

## CONCLUSION

For the above reasons, defendants' Motion to Dismiss [2] is **GRANTED** and plaintiff's Motion to Amend [7] is **DENIED**. The Clerk of Court is directed to close the case.

SO ORDERED, this 25th day of March, 2014.

/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

12

AO 72A
(Rev.8/82)